UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER ROOT,
    Plaintiff,

v.

NELNET, INC.,
    Defendant.

USDC #
Judge
Mag. Judge
Lower Court Case No. 2020 CV 01284

## NOTICE OF REMOVAL TO FEDERAL COURT

TO:    HONORABLE JUDGES OF THE U.S. DISTRICT COURT
Northern District of Ohio, Eastern Division
Patrick B. Duricy, Esq., counsel for Plaintiff

Defendant, Nelnet, Inc. ("Nelnet"), through its undersigned counsel, and pursuant to 28 U.S.C. § 1441 *et seq.*, removes this action from the Trumbull County Court of Common Pleas for the State of Ohio, Case No. 2020 CV 01284, to the United States District Court for the Northern District of Ohio, Eastern Division. In support of this Removal, Nelnet states as follows:

1. Plaintiff filed his Complaint in the Trumbull County Court of Common Pleas for the State of Ohio on November 12, 2020, which is attached as **Exhibit A**.

2. Nelnet is seeking removal based upon a federal question arising from the alleged violation of the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*, presented in Plaintiff's Complaint.

3. Given the federal question presented, the District Court of the United States has original jurisdiction under 28 U.S.C. § 1331 and this action is properly removable under 28 U.S.C. § 1441(a).

4. This notice is filed with this Court within thirty (30) days after Nelnet was served with the Complaint, which was on November 19, 2020. Removal is therefore timely.

6. A copy of this notice will be given to all adverse parties and to the clerk of the Trumbull County Court of Common Pleas for the State of Ohio pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Nelnet requests that this Court assume jurisdiction over this action and grant such other relief as the Court deems proper.

> Respectfully submitted,
>
> PLUNKETT COONEY, P.C.
>
> /s/ David L. Van Slyke
> David L. Van Slyke, Esq. (0077721)
> 300 East Broad Street, Suite 590
> Columbus, Ohio 43215
> 614/629-3000; 614/629-3019 fax
> dvanslyke@plunkettcooney.com
> *Counsel for Nelnet, Inc.*

## CERTIFICATE OF SERVICE

A true and exact copy of the foregoing has been served this 10th day of December, 2020 as follows:

Patrick B. Duricy
Philip D. Zuzolo
Shayla Schroeder
Zuzolo Law Offices, LLC
700 Youngstown Warren Road
Niles, OH 44446

> /s/ David L. Van Slyke
> David L. Van Slyke, Esq. (0077721)

KAREN INFANTE ALLEN
TRUMBULL CO CLERK OF COURTS
2020 CV 01284
FILED: 11/12/2020 02:07 PM

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

| | |
|---|---|
| Christopher Root<br>c/o Zuzolo Law Offices<br>700 Youngstown Warren Rd<br>Niles, Ohio 44446<br><br>Plaintiff,<br><br>v.<br><br>Nelnet<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>Defendant. | Case No.:<br><br>Judge<br><br>**COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON**<br><br>**INSTRUCTIONS FOR SERVICE INCLUDED HEREIN** |

Now comes Plaintiff, Christopher Root, by and through counsel, and hereby states his Complaint as follows:

### PARTIES

1. Plaintiff, Christopher Root, is a natural person who at all times relevant herein resided in Trumbull County, Ohio. Plaintiff is a "consumer" as that term is defined under the Fair Credit Reporting Act ("FCRA").

2. Defendant, Nelnet, is a foreign corporation doing business in the state of Ohio. Nelnet is a furnisher of information as defined by the FCRA.

### JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in this judicial district as many of the facts relevant to this Complaint occurred in this judicial district and at all times relevant herein Plaintiff resided in this judicial district.

EXHIBIT A

1

## STATEMENT OF FACTS

4. Plaintiff has several student loan accounts serviced by Nelnet. Specifically, the following Nelnet accounts belong to Plaintiff:

| Nelnet Account Number | Date Opened | High Credit Limit |
|---|---|---|
| 900000554305915 | November 2010 | $3,000.00 |
| 900000554306015 | October 2011 | $4,500.00 |
| 900000554306115 | November 2011 | $1,000.00 |
| 900000554306215 | November 2010 | $4,000.00 |
| 900000554306315 | October 2011 | $6,000.00 |
| 900000554306415 | November 2011 | $1,000.00 |
| 900000554306515 | April 2010 | $3,500.00 |
| 900000554306615 | April 2010 | $6,000.00 |

5. On or around December 21, 2019, a Nelnet representative offered Plaintiff a three-month loan forbearance on the above-referenced student loans, which Plaintiff accepted.

6. Plaintiff thereafter discovered that his Nelnet accounts were reporting on his credit as past due.

7. Plaintiff's brother, Attorney Robert Root, contacted Nelnet and spoke to a Nelnet representative on Plaintiff's behalf on or around February 10, 2020.

8. The Nelnet representative indicated that Nelnet's notes stated Nelnet should have implemented a loan forbearance for Plaintiff, but that it did not implement the forbearance because the Nelnet representative Plaintiff had previously spoken with had failed to read Plaintiff the disclaimers during their telephone conversation in December 2019.

9. Nelnet did not inform Plaintiff that the loan forbearance would not be processed.

10. Prior to the loan forbearance which Nelnet improperly unilaterally rejected in December 2019, Plaintiff had remained current on his monthly payments for all of his Nelnet accounts.

11. On or around February 14, 2020, Plaintiff's counsel sent an evidence preservation and dispute letter to Nelnet.

2

12. Nelnet implemented loan forbearance for Plaintiff's loans in or around February 2020.

13. On March 12, 2020 Plaintiff sent a credit dispute letter to Trans Union, Experian, and Equifax, disputing each Nelnet account improperly reporting on his credit.

14. Plaintiff received responses from Trans Union, Equifax, and Experian, which indicate the following statuses with regards to the disputed Nelnet accounts:

| Account Disputed | TransUnion's March 27, 2020 Response | Equifax's April 6, 2020 Response | Experian's March 27, 2020 Response |
| --- | --- | --- | --- |
| 900000554305915 | 90 days past due for January 2020 | 90-119 days past due for January 2020 | 90 days past due for January 2020 |
| 900000554306015 | 90 days past due for January 2020 | 90-119 days past due for January 2020 | 90 days past due for January 2020 |
| 900000554306115 | 90 days past due for January 2020 | 90-119 days past due for January 2020 | 90 days past due for January 2020 |
| 900000554306215 | 90 days past due for January 2020 | 90-119 days past due for January 2020 | 90 days past due for January 2020 |
| 900000554306315 | 90 days past due for January 2020 | 90-119 days past due for January 2020 | 90 days past due for January 2020 |
| 900000554306415 | 90 days past due for January 2020 | 90-119 days past due for January 2020 | 90 days past due for January 2020 |
| 900000554306515 | 90 days past due for January & February 2020; account closed due to refinance | 90-119 days past due for January 2020; paid and closed | 90 days past due for January 2020; account closed due to refinance |
| 900000554306615 | 90 days past due for January & February 2020; account closed due to refinance | 90-119 days past due for January 2020; paid and closed | 90 days past due for January 2020; account closed due to refinance |

15. On or around April 29, 2020 Plaintiff sent a third dispute letter to the three major consumer reporting agencies disputing each account, which included an additional document—an affidavit by Robert Root.

16. Experian's response dated May 28, 2020 indicates that Experian had previously processed the same dispute and the credit grantor had verified its accuracy. Experian indicated that it

3

would reinvestigate if Plaintiff would provide it with additional relevant information that was not presented when the information was previously disputed.

17. Plaintiff included an affidavit with his April 2020 credit dispute letter, which contained additional relevant information that had not previously been provided to Experian.

18. On or around June 20, 2020, Plaintiff applied for financing through Victorian Finance in hopes of obtaining a mortgage to purchase a new home.

19. The June 20, 2020 Decision Credit Report obtained by Victorian Finance shows the following regarding the disputed Nelnet accounts:

| Account Disputed | Victorian Finance's June 20, 2020 Decision Credit Report |
| --- | --- |
| 900000554305915 | 90+ days past due for 1/2020 |
| 900000554306015 | 90+ days past due for 1/2020 |
| 900000554306115 | 90+ days past due for 1/2020 |
| 900000554306215 | 90+ days past due for 1/2020 |
| 900000554306315 | 90+ days past due for 1/2020 |
| 900000554306415 | 90+ days past due for 1/2020 |
| 900000554306515 | 90+ days past due for 1/2020; refinanced |
| 900000554306615 | 90+ days past due for 1/2020; refinanced |

20. The June 20, 2020 Decision Credit Report also indicates that the status of each of the above accounts was obtained from or verified by all three of the major credit reporting agencies, Experian, Equifax, and Trans Union.

21. Despite multiple credit dispute letters, Nelnet has still failed to correct the status of these accounts.

22. As a result of Nelnet's repeated refusal to correct the status of the disputed accounts, Plaintiff has suffered actual damages including, but not limited to, credit damage, costs for having to engage counsel for this lawsuit as well as mileage and travel costs to Plaintiff's attorney's

office, and postage fees for having to send multiple credit dispute letters disputing essentially the same information due to Defendant's failure to correct the status of the disputed accounts. Further, Plaintiff has suffered non-economic damages including, but not limited to, anger, frustration, embarrassment, stress, anxiety, and overall mental anguish due to, including but not limited to, losing an opportunity to purchase a home, being turned down for financing again by Victorian Finance, this issue going unresolved for at least nine months despite multiple attempts by Plaintiff to correct the accounts, and having to engage counsel to attempt to correct these accounts and take formal legal action just to get the facts of this case reviewed and to get this obvious issue corrected.

## COUNT I: FAIR CREDIT REPORTING ACT

### Failure to Conduct Reasonable Investigation Pursuant to § 1681s-2(b): Nelnet

23. Plaintiff alleges each and every preceding paragraph as if fully rewritten herein.

24. The Fair Credit Reporting Act ("FCRA"), under 15 U.S.C. § 1681s-2(b), places a duty on the furnisher of information, after being put on notice by a credit reporting agency of a consumer dispute, to conduct a reasonable investigation into the accuracy of the information.

25. After receiving Mr. Root's disputes, the credit reporting agencies were mandated by the FCRA to notify Nelnet to either verify or investigate the disputed accounts. Based on the responses from Trans Union, Experian, and Equifax, Nelnet verified to the credit reporting agencies that some of Plaintiff's accounts with Nelnet were properly 90 days past due for January 2020, and that some of Plaintiff's accounts were properly 90 days past due for January and February 2020.

26. Nelnet failed to conduct a reinvestigation into the information it was reporting on the Plaintiff's credit as evidenced by the fact that Nelnet continued to report Plaintiff's accounts

5

as 90 days past due for months during which Plaintiff's accounts should have been in forbearance. Nelnet had been on notice that Plaintiff's loans should have been in forbearance since December 2019, and Nelnet had been on notice since at least February 2020 of Plaintiff's disputes regarding the improper reporting of his Nelnet accounts.

27. As a direct and proximate cause of Nelnet's willful and/or negligent refusal to conduct any type of reasonable investigation as mandated by the FCRA, Plaintiff has suffered actual damages including, but not limited to, needlessly hiring counsel to bring this action in order to correct objectively obvious errors, mileage and travel costs to Plaintiff's attorney's office, postage fees for sending multiple credit dispute letters disputing essentially the same information due to Defendant's failure to correct the status of the disputed accounts, and for credit damage. Further, Plaintiff has suffered non-economic damages as a result of Nelnet's blatant refusal to conduct an investigation into his disputes, including but not limited to, anger, frustration, embarrassment, stress, anxiety, and overall mental anguish due to, including but not limited to, losing an opportunity to purchase a home, being turned down for financing again by Victorian Finance, this issue being unresolved for at least nine months despite multiple attempts by Plaintiff to correct the accounts, and having to engage counsel to attempt to correct these accounts and take formal legal action just to get the facts of this case reviewed and to get this obvious issue corrected. This entitles Plaintiff to an award of actual damages in an amount to be proven at trial, plus attorneys' fees and costs pursuant to 15 U.S.C. § 1681o.

**COUNT II: FRAUDULENT MISREPRESENTATION**

28. Plaintiff alleges each and every preceding paragraph as if fully rewritten herein.

6

29. Nelnet, through its representative, falsely represented to Mr. Root that his loans with Nelnet would be placed in forbearance in December 2019. This constitutes a material misrepresentation.

30. Nelnet, through its representative, failed to read Plaintiff the disclaimers during the December 2019 phone call, as is required for Nelnet to implement a loan forbearance. This constitutes a material omission.

31. Further, Nelnet, through its representative, failed to ever notify Plaintiff that the loan forbearance would not be processed, which constitutes another material omission.

32. Nelnet, by and through its representative, made these material misrepresentation and omissions falsely with knowledge of their falsity or with such utter disregard and recklessness as to whether it was true or false that knowledge may be inferred.

33. Nelnet, by and through its representative, made these material omissions and misrepresentation with the intent of misleading Plaintiff into relying upon them.

34. Plaintiff justifiably relied upon Nelnet's material misrepresentation and omissions.

35. Plaintiff suffered injury as a result of his justifiable reliance upon Nelnet's material misrepresentation and omissions. Specifically, Plaintiff would not have foregone his monthly loan payments for January 2020 if Nelnet's customer service representative would not have misled Mr. Root regarding the forbearance and failed to read him the disclaimers as required to implement loan forbearance. Further, if Nelnet would not have misled Plaintiff regarding the forbearance, Plaintiff's credit would not have suffered from the negative reporting that his loans were at least 90 days past due.

36. As a result of Nelnet's fraudulent misrepresentation and omissions, Plaintiff is entitled to an award of actual damages, punitive damages and attorney fees.

## TRIAL BY JURY

37. Plaintiff is entitled and hereby respectfully requests a trial by jury on each and every matter so entitled. U.S. Const. Amend. 7.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, having set forth his claims against Defendant, respectfully prays of the Court as follows:

A. That Plaintiff have and recover against Defendant a sum to be determined by the Court in the form of statutory damages;

B. That Plaintiff have and recover against Defendant a sum to be determined by the Court in the form of actual damages in excess of $25,000;

C. That Plaintiff have and recover against Defendant a sum to be determined by the Court in the form of punitive damages;

D. That Plaintiff have and recover against Defendant all legal fees and expenses incurred by his attorneys;

E. That Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Patrick B. Duricy*
Philip D. Zuzolo (0081865)
Patrick B. Duricy (0042511)
Shayla Schroeder (0098731)
Zuzolo Law Offices, LLC
700 Youngstown Warren Rd
Niles Ohio 44446
330/652-1609
330/652-9421
lawyers@zuzolo.com

## INSTRUCTIONS FOR SERVICE

**TO THE CLERK:**

Please serve a copy of the Summons and Complaint on the Defendant at the address listed above by certified mail, return receipt requested, pursuant to the Ohio Rules of Civil Procedure.

*/s/ Patrick B. Duricy*
Patrick B. Duricy (0042511)
Zuzolo Law Offices, LLC

9